Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1778 | **DATE** | 3-15-12 |
| **CASE TITLE** | Tracy Shackelford v. Sheridan Correctional Center | | |

**DOCKET ENTRY TEXT:**

The Court has reviewed Plaintiff's complaint, as it must, pursuant to 28 U.S.C. § 1915A, and finds that he adequately states a claim. However, Sheridan Correctional Center, the Illinois Department of Corrections, and Wexford Health Sources, Inc. are dismissed as Defendants. Plaintiff may proceed as to Defendants L. Bell, Dr. Doshi, Nicolette Duffield, Kristie Torres, DC Callean, Nurse Salhoeme, Jani Greenhyw, and P. Lane.

■ **[For further details see text below.]**　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Plaintiff has filed suit, through counsel, alleging violation of his rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was incarcerated at Sheridan Correctional Center, he was subjected to deliberate indifference to a serious medical condition. More specifically, Plaintiff alleges that on March 11, 2010, he slipped and fell while performing his work at the prison, sustaining a fractured wrist. He further alleges that the fracture was misdiagnosed and that all Defendants generally failed to provide him constitutionally adequate care for the fracture. As a result of Defendants' deliberate indifference, Plaintiff alleges that he suffered a "malunion" at the site of the fracture, requiring him to undergo surgery on July 12, 2010.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants for deliberate indifference to a serious medical need. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006).

However, Plaintiff has named the Sheridan Correctional Center and the Illinois Department of Corrections as Defendants to this action. the Illinois Department of Corrections is not a proper Defendant to this cause of action. A suit against the Illinois Department of Corrections is a suit against the State of Illinois. Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984). The State of Illinois has not
**(CONTINUED)**

AWL

consented to be sued, and the immunity has been directly applied to the Illinois Department of Corrections. *Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). While there is an exception in suits seeking prospective injunctive relief against state officials in their official capacities, (*see Ex Parte Young*, 209 U.S. 123 (1908)), such suits may not be brought against the States or their agencies directly. *Id.* As Plaintiff has brought suit against the Illinois Department of Corrections and Sheridan Correctional Center, the immunity applies, and the Illinois Department of Corrections and Sheridan Correctional Center are dismissed from this action.

Additionally, Plaintiff has sued Wexford Health Sources, Inc. However, the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). "A 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.' " *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002), quoting *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).

In analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Therefore, an inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners"). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid.*

Plaintiff makes no claim against Wexford Health Sources, Inc. other than that it was contracted to provide medical care at Sheridan Correctional Center. There is no implication, nor, seemingly could there be, based on the facts pled, that Wexford inflicted some kind of unconstitutional custom or policy on Plaintiff that was the direct cause or moving force resulting in constitutionally inadequate medical care. Consequently, Wexford health Sources, Inc. is dismissed as a Defendant. Plaintiff may proceed only against Defendants L. Bell, Dr. Doshi, Nicolette Duffield, Kristie Torres, DC Callean, Nurse Salhoeme, Jani Greenhyw and P. Lane.